[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2010
JOHN LEY
CLERK

_____

No. 09-12567 and No. 09-12983
Non-Argument Calendar

_____

D. C. Docket No. 06-61082-CV-WPD

RAFAEL A. LLOVERA LINARES,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF'S OFFICE,
et al.,

Defendants,

OFFICER FELIX VASCONEZ,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(February 24, 2010)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Rafael Linares appeals pro se the award of attorney's fees and costs to Felix Vasconez. The district court ruled that Vasconez was entitled to recover his expenses in defending against a complaint that he used excessive force by shooting Linares after Linares left his vehicle. 42 U.S.C. § 1983. We affirm.

Linares filed a complaint of excessive force against the Sheriff's Office of Broward County and Deputies Vasconez and Jeremy Grant. 42 U.S.C. § 1983. Linares alleged that, after he left his vehicle, he was shot in the abdomen by Vasconez or some other officer. Linares also alleged that, after he fell to the ground, Vasconez and another officer beat Linares. The district court dismissed the complaint against the Sheriff's Office of Broward County for failure to state a claim, and the district court granted summary judgment in favor of Grant. The district court denied Vasconez's motion for summary judgment because there were disputed issues of fact about whether Linares had been shot during the chase or after he left his vehicle, which direction the bullet traveled through Linares, and who shot Linares.

After Linares rested his case at trial, Vasconez moved for a judgment as a matter of law, Fed. R. Civ. P. 50. The district court granted a judgment in favor of Vasconez regarding the complaint that he had shot Linares after Linares left his

2

vehicle, but the court denied Vasconez's motion regarding the complaint that he had beaten Linares. The court submitted the claim about the beating to the jury, which returned a verdict in favor of Vasconez.

Vasconez moved for an award of attorney's fees and costs. 42 U.S.C. § 1988; Fed. R. Civ. P. 54(d). Linares responded that his complaint was not frivolous and he could not afford to pay Vasconez's costs. Vasconez argued that the complaint that he had shot Linares after Linares left his vehicle was frivolous.

The district court ruled that Vasconez was entitled to attorney's fees regarding the complaint about the shooting and that costs should be taxed against Linares. The district court awarded Vasconez $26,750 in attorney's fees and costs.

We review a decision to award attorney's fees and costs for abuse of discretion. Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (costs); Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1188 (11th Cir. 1985) (attorney's fees). "'An abuse of discretion occurs if the [district court] fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.'" Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1180 (11th Cir. 2005) (quoting In re Red Carpet Corp. of Panama City Beach, 902 F.2d 883, 890 (11th Cir. 1990)).

We cannot say that the district court abused its discretion by awarding

3

attorney's fees to Vasconez. The district court ruled that Linares had failed to introduce any evidence that Vasconez had been responsible for the shooting, but we cannot review that finding because Linares failed to request a transcript of his trial. See Fed. R. App. P. 10(b)(2); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002).

The district court also did not abuse its discretion by taxing costs against Linares. A prevailing party is entitled to costs "[u]nless a federal statute, the[] [R]ules [of Civil Procedure], or a court order provides otherwise." Fed. R. Civ. P. 54(d). The rule "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise," Chapman, 229 F.3d at 1038, if it decides there is "a sound basis for doing so," id. at 1039. Although a court may consider the financial condition of the non-prevailing party, it is not required to do so, nor can it "decline to award any costs at all." Id. There is nothing in the record to suggest that the district court should not have taxed costs against Linares.

We **AFFIRM** the award of attorney's fees and costs to Vasconez.